IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Robert McGuire, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>Central Transport, Inc., a domestic limited liability company,<br><br>Defendant. | No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Robert McGuire ("Plaintiff"), on behalf of himself and others similarly situated, and brings this action against Central Transport, Inc. ("Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. The Plaintiff, Robert McGuire ("Plaintiff"), is a resident of Rockdale County, Georgia and is a former employee of Defendant, Central Transport, Inc.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Plaintiff worked for Defendant as a yard hostler in, among others, Dekalb County in Georgia, from on or about February 2010 through January 2011.

4. Defendant, Central Transport, Inc. is a Michigan corporation with its principal place of business in Warren, Michigan and with operations and offices in Dekalb County, Georgia. Central Transport, Inc. operates and conducts business in, among others, Dekalb and Clayton County in Georgia and is, therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years.

6. Based upon information and belief, at all material times relevant to this action, Defendant was an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.

7. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8. At all relevant times, Defendant had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

2

9. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendant as a yard hostler from February 2010 through January 2011.

13. As a yard hostler, Plaintiff drove a hostler tractor which he connected to freight trailers in order to move the trailers in an around Defendant's terminal yard.

14. Plaintiff drove the hostler tractor for Defendant on or about Defendant's premises only and did not drive the hostler tractor on the public highways.

15. Defendant paid Plaintiff an hourly rate for work performed for Defendant.

16. Plaintiff worked over forty (40) hours during one or more of the workweeks during his employment with Defendant.

17. Defendant paid Plaintiff straight time for all hours worked by Plaintiff up to 55 hours in a workweek.

18. Defendant did not pay Plaintiff time and a half compensation for the hours worked between 40 and 55 in a workweek.

19. Plaintiff was entitled to time and a half compensation for the hours he worked between 40 and 55 in a workweek.

20. Defendant failed to comply with 29 USC §§ 201-209 because Defendant did not compensate Plaintiff at time and a half his hourly rate for those hours worked by Plaintiffs between 40 and 55 within a workweek.

21. Plaintiff was not exempt from overtime under the Motor Carrier Act exemption, 29 U.S.C. § 213(b), because he was not a "driver," "driver's helper," "loader," or "mechanic" as those terms are defined in the regulations related to 29 U.S.C. § 213(b).  See 29 C.F.R. § 782.3(b); Billingslea v. Southern Freight, Inc., 699 F. Supp. 2d 1369.

22. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

### COUNT ONE:
### RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 12-22 above.

24. Plaintiff worked over forty (40) hours during one or more of the workweeks during his employment with Defendant.

25. Defendant paid Plaintiff straight time, rather than time and a half, for all hours worked by Plaintiff up to 55 in a workweek.

26. Plaintiff was entitled to be paid overtime compensation at one and one-half times his regular rate of pay for each hour worked in excess of 40 per workweek.

27. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for overtime hours worked, in violation of the FLSA.

28. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

29. As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated at time and one-half

for overtime hours that he worked, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

30. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

31. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiff violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable, reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

                         Respectfully submitted,

                         MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
       Jennifer M. Bermel, # 794231
       2600 One Commerce Square
       Memphis, Tennessee 38103
       Tel: (901) 217-7000
       Fax: (901) 333-1897
       Email: jbermel@forthepeople.com

DATED: May 25, 2011