IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MCGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NUMBER: 1:11-cv-1718-SCJ |
| | ) |
| CENTRAL TRANSPORT, LLC, | ) |
| | ) |
| Defendant. | ) |

# RENEWED JOINT MOTION
# FOR APPROVAL OF SETTLEMENT AGREEMENT

Come now the Plaintiff, Robert McGuire, and the Defendant, Central Transport, LLC., in the above styled-action and jointly move for an Order approving the General Release and Waiver Agreement between the parties to resolve the Plaintiff's lawsuit asserting claims under the Fair Labor Standards Act.[1] As grounds for their motion, Plaintiff and Defendant state as follows:

1.  Plaintiff's Complaint asserts claims under the Fair Labor Standards Act (FLSA) for back wages constituting unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

---

[1] This renewed motion addresses concerns raised in the Court's June 6, 2012 Order.

1

2.      Defendant denies that Plaintiff is entitled to any overtime compensation, back wages, liquidated damages, attorneys' fees or costs. Defendant further denies that Plaintiff was its employee, and if Plaintiff was its employee, Defendant asserts that Plaintiff was exempt under the Motor Carrier Exemption of the FLSA.

3.      In an effort to avoid expenses associated with the litigation of this action and any appeal or post-verdict motions that may be filed, the parties have reached a settlement agreement and have memorialized the agreement in a document titled Settlement Agreement and General Release (the "Agreement"), attached hereto as **Exhibit A**.

4.      Plaintiff was an employee of Dock Specialists, Inc. and was assigned to work as a hostler at Central Transport's terminal for approximately 11 months. During those 11 months, Plaintiff was paid his regular rate for all hours worked; however, Plaintiff claims that he worked approximately 600 hours and was not paid overtime for those hours. As a result, Plaintiff claims that he was entitled to half time for those 600 hours. Defendant has reviewed Plaintiff's time records and determined that during the 11 months that he worked as a hostler at the Central Transport terminal, there were 625 hours for which he was not paid overtime. Plaintiff was not paid overtime for those 625 hours because he was not Defendant's employee and because he was considered exempt pursuant to the

Motor Carrier Exemption of the FLSA. However, had Plaintiff been paid half-time for the 625 hours, he would have been entitled to $4,062.25. The proposed settlement agreement compensates Plaintiff for the $4,062.25 and compensates Plaintiff for $937.75 of liquidated damages (for a total of $5,000), to which Defendant denies that he is entitled. As such, the parties assert that this is a reasonable settlement of a bona fide dispute over an FLSA provision.

5. In addition to the $5,000 being paid to the Plaintiff, his attorneys are also being paid $5,000. As such, Plaintiff is not incurring any expense for legal fees or costs. The calculation of a reasonable attorney's fee begins with the number of hours reasonably expended on a case times a reasonable hourly rate. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1305 (S.D. Fla. 2008), *aff'd* 307 Fed. Appx. 349. Plaintiff's counsel has expended 19.3 hours on this case. In addition, Plaintiff's counsel has expended $900 in taxable costs ($350 filing fee, $100 service of process fee and $450 pro hac vice fee).

6. Carlos Leach, Plaintiff's counsel, is a lawyer in the law firm of Morgan & Morgan, P.A. in Orlando, Florida.

7. He has extensive experience litigating actions under the Fair Labor Standards Act ("FLSA") and wage and hour class actions. He has knowledge regarding the topics asserted in this action and have litigated similar issues in

other actions.

8.      Mr. Leach has been practicing law since January 2002 and has successfully handled hundreds of FLSA cases (in multiple states and venues).  He is admitted to practice before the Eleventh Circuit Court of Appeals, the Northern, Middle and Southern Districts of Florida, the District Court of Colorado, and the United States Federal Claims Court.

9.      Within the last four (4) years, he has devoted the majority of his practice to representing employees in matters seeking unpaid overtime and minimum wages.

10.     He has been lead counsel in the following collective and class actions, among others:

> *Joiner v. Groupware International, Inc.*, Case No.: 8:09-cv-01943-RAL-MAP (M.D. Fla. 2009)
>
> *Delva v. Cemex, Inc.*, Case No.: 2:07-cv-802-FtM-99DNF (M.D. Fla. 2010)
>
> *Moultlry v. Cemex, Inc.*, Case No.: 8:07-cv-453-RAL-MSS (M.D. Fla. 2008)
>
> *Bassitt-Dudley v. GC First Coast, LLC,* Case No.: 2010-CA-000479 (17th Cir., Flagler County 2010)
>
> *Schuster v. Toll Bros., Inc.*, Case No.: 10-0332-CA (20th Cir., Collier County 2010)
>
> *Colson, et al. v. Cableview Communications, Inc.*, Case No.: 3:09-cv-00850-MMH-JRK (M.D. Fla. 2010)
>
> *Kimmel v. Venture Construction Co.*, Case No.: 1:10-cv-1388-RLV (N.D. Ga. 2010)

*Lemming, et al. v. Security Forces, Inc.*, Case No.: 8:10-cv-1469-T-26AEP (M.D. Fla. 2010)

*Keller, et al. v. HSNi, LLC*, Case No.: 8:10-cv-1198-T-26AEP (M.D. Fla. 2010)

*Aponte, et al. v. Comprehensive Health Management, Inc.*, Case No.: 1:10-cv-04825-PKC, (S.D.N.Y. 2011)

*Mayo, et al., v. Travel Centers of America, LLC*, Case No.: 1:11-cv-01411-PAG (N.D. Ohio 2011)

*Jones v. Advanced Cable Contractors, Inc.*, Case No.: 1:11-cv- 00542-RWS (N.D. Ga. 2011)

*Mathews v. Holmes Transportation Co.*, Case No.:1:11-cv-00033SA-DAS (N.D. Ms. 2011)

*Lacey v. Lending Solutions, Inc.*, Case No.: 1:11-cv- 0000714-WSD (N.D. Ga. 2011)

11.   Mr. Leach has also litigated in multiple District Courts across the country including the Southern District of New York, the District Court for Colorado, the Western, Middle and Eastern Districts of Louisiana, the Northern District of Texas, the Northern and Middle Districts of Georgia, the Central District of California, the District Court for Nevada, and the District Court for New Jersey.

12.   The Parties in this matter negotiated fees/costs after the Plaintiff accepted their respective settlements, therefore the attorney's fees/costs did not compromise Plaintiff's recovery.  In addition, since the Parties have resolved attorney's fees

and costs independently from Plaintiffs' recovery, the Court need not separately consider the reasonableness of the fee paid to the Plaintiff's attorney. *See Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D.Fla. Aug. 4, 2009).

13. The parties stipulate to the final dismissal with prejudice order to be entered by the Court.

For these reasons, Plaintiff Robert McGuire and Defendant Central Transport, LLC jointly request that the Court enter an Order, attached as **Exhibit B,** approving the settlement and finding that the agreement is a fair and reasonable resolution.

Respectfully submitted on July 23, 2012.

| s/ **Carlos V. Leach** | s/ **Glen R. Fagan** |
|---|---|
| **Carlos V. Leach, Esq.** (PHV) | **Glen R. Fagan, Esq.** |
| FLBN: 0540021 | GABN: 253944 |
| MORGAN & MORGAN, P.A. | CONSTANGY, BROOKS & SMITH, LLP. |
| 20 North Orange Ave. 14th Floor | 230 Peachtree Street, N.W., Suite 2400 |
| Orlando, FL  32802 | Atlanta, Georgia  30303-1557 |
| Telephone: (407) 420-1414 | Tel.: (404) 525-8622 |
| Facsimile:  (407) 425-8171 | Fax: (404) 525-6955 |
| Email: cleach@forthepeople.com | Email: gfagan@constangy.com |
| | |
| s/ **Deirdre M. Stephens-Johnson** | s/ **J. Tobias Dykes** |
| Deirdre M. Stephens-Johnson, Esq. | J. Tobias Dykes (PHV) |
| GABN: 678789 | ALBN: ASB-04836-E66J |
| THE LAW OFFICE OF DEIRDRE | CONSTANGY, BROOKS & SMITH, LLP. |
| M. STEPHENS-JOHNSON, LLC. | 1819 Fifth Avenue North, Suite 900 |
| 4567 Rockbridge Rd #1537 | Birmingham, Alabama 35203 |

| | |
|---|---|
| Pine Lake, GA 30072 | Tel.: (205) 252-9321 |
| Telephone: (404) 537-3002 | Fax: (205) 323-7674 |
| Facsimile: (404) 537-3003 | Email: tdykes@constangy.com |
| Email: dsjohnsonlaw@gmail.com | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.       The parties to this Agreement are Central Transport, LLC. and any other parents, affiliates, subsidiaries, components, predecessors, and successors to these entities (hereinafter "Central Transport"), and Robert McGuire (hereinafter "Plaintiff"). The purpose of this Settlement Agreement is to settle and resolve any and all claims against Central Transport that existed prior to the execution of this Agreement and all issues arising out of or related to Civil Action Number: CV-11-1718 pending in the United States District Court for the Northern District of Georgia.

2.       The parties agree that by entering into this Agreement, no party admits any liability or wrongdoing.  Plaintiff and Central Transport expressly deny any liability or wrongdoing.

3.       In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, Plaintiff and his attorney agree:

   (a)    to have dismissed with prejudice as a condition of this Agreement all pending civil actions he has filed against Central Transport regarding Plaintiff's employment and his pay while employed with Central Transport or the termination of Plaintiff's employment with Central Transport, specifically including Civil Action Number: CV-11-1718 pending in the United States District Court for the Northern District of Georgia, with each party to bear his or its own costs;

   (b)    to waive, release and forever resolve all claims, demands or causes of action against Central Transport, including but not limited to all claims, demands or causes of action for pay, unpaid wages, reimbursement of expenses, employment benefits, liquidated damages, compensatory damages, punitive damages, statutory penalties, or attorneys' fees and costs against Central Transport, its owners, officers, directors, shareholders, employees and agents and including, but not limited to, all claims, demands or causes of action arising under (1) the Age Discrimination in Employment Act (ADEA), (2) the Civil Rights Act of 1964, as amended, (3) the Fair Labor Standards Act (FLSA), (4) the Equal Pay Act (EPA); (5) the Employee Retirement Income Security Act (ERISA); (6) the Civil Rights Act of 1866 (42 U.S.C. § 1981 and § 1981A); (7) the Americans With Disabilities Act (ADA); (8) the Civil Rights Act of 1991; (9) COBRA; (10) the Family and Medical Leave Act of 1993 (FMLA); (11) the Alabama Age Discrimination Act, 1975 Ala. Code § 25-1-20 *et seq.*; (12) the Rehabilitation Act of 1973; (13) Executive Order 11246; (14) the Occupational Safety and Health Act (OSHA); (15) the National Labor Relations Act (NLRA); (16) any other federal, state, or local statute, ordinance, or regulation; (17) any state or federal contractual, tort, or common law theory of liability or damages, including, but not limited to breach of contract, assault and battery, invasion of privacy, outrage, and any theory based on negligence,

EXHIBIT  A

    such as negligent hiring, retention, or supervision, and (18) any claim for workers' compensation benefits or retaliation under the workers' compensation laws;

(c) to waive all claims or rights to employment, reinstatement, reemployment or application for employment with Central Transport and any other predecessors, successors, parents, related entities or subsidiaries of Central Transport and not to inquire, seek, or apply for any contract, employment, job, work, position, or any other relationship with Central Transport or any other predecessors, successors, parents, related entities or subsidiaries of Central Transport; and

(d) to keep the terms and conditions of this Agreement in the strictest confidence and specifically agree not to communicate, publish, characterize, publicize or disseminate in any manner any of the terms, type or amount of consideration provided under this Agreement, or the underlying facts and circumstances which led to this Agreement unless compelled by judicial process, or as necessary for tax reporting or other legitimate business purpose. Plaintiff understands that this confidentiality provision is a material inducement for Central Transport to enter into this Agreement and that a violation of this confidentiality provision will constitute a default.

4. In exchange for the promises and commitments expressed herein, including those expressed in paragraph 4 below, Central Transport agrees as follows:

  that Central Transport will pay Plaintiff a total of Ten thousand and no/dollars ($10,000.00) allocated as follows;

  (1) $2,500 issued in one check to Plaintiff; with applicable withholdings being made;
  (2) $2,500 issued in one check to Plaintiff for which Central Transport will issue a 1099 to Plaintiff and will not withhold taxes; and
  (3) $5,000 issued in one check to Morgan & Morgan for which Central Transport will issue a 1099 to Morgan & Morgan and will not withhold taxes.

5. It is understood and agreed among the Parties the amount paid is solely to compensate Plaintiff for the claims asserted against Central Transport and only $2,500 of the amount paid represents wages, compensation or other employee benefits. Plaintiff recognizes Central Transport denies any and all liability for any allegations made against Central Transport by Plaintiff. Plaintiff acknowledges the payment pursuant to this Agreement is not an admission of liability, but rather, is made by Central Transport in order to avoid the costs of further litigation.

6. Plaintiff represents, warrants and agrees Plaintiff is not relying on the advice of Central Transport or anyone associated with Central Transport, including legal counsel for or

any insurer for Central Transport, as to any tax consequences of any kind arising out of this Agreement. Any tax obligations which may arise from this Agreement are Plaintiff's sole obligation and Plaintiff hereby agrees to indemnify and hold harmless Central Transport (and all of Central Transport's officers, directors, employees, agents, successors, assigns, shareholders, owners, insurers, purchasers, sellers, parent, subsidiary and affiliate corporations) from any and all taxes, interest, penalties or the like which may be asserted against Plaintiff by any taxing authority as a result of this Agreement.

7. Plaintiff represents that he has been advised of his right to have this Confidential Settlement Agreement and General Release reviewed by his attorney. Plaintiff is represented by counsel who participated in the negotiation and drafting of the terms of this Confidential Settlement Agreement and General Release. Plaintiff has, in fact, consulted with his attorney concerning this Confidential Settlement Agreement and General Release. Plaintiff represents that he has been given a reasonable time period to review and consider this Settlement Agreement. Plaintiff represents he has read and understands the terms of this Settlement Agreement and that he voluntarily and knowingly intends to be bound by its terms. Plaintiff further represents that he has read and understands the terms of this Confidential Settlement Agreement and General Release, and that he voluntarily and knowingly intends to be bound by its terms.

8. Upon breach of any provision of this Agreement, any party may petition the appropriate court for appropriate relief.

9. The parties hereby freely and voluntarily enter into this Settlement Agreement as evidenced by their signatures on the dates shown below.

10. Defendant will provide the checks to plaintiff within ten (10) days of the Court approving the settlement agreement.

IN WITNESS WHEREOF, the parties have duly executed this Settlement Agreement and General Release as of the date written below.

**B y:**

_____     _____
Robert McGuire                                             Date

_____     _____
                                                                         Date

CENTRAL TRANSPORT, LLC.
By. _____     _____
                                                                         Date

3