IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT MCGUIRE, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:11-CV-01718-SCJ |
| CENTRAL TRANSPORT, LLC, | |
| Defendant. | |

**O R D E R**

THIS MATTER is before the Court on the parties' Joint Motion for Approval of Settlement Agreement [Doc. No. 27]. There are only two ways to compromise an FLSA claim for backwages: (1) the Secretary of Labor can supervise an employers payment of backwages to an employee, or (2) "[w]hen employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). A plaintiff may settle for less than the full remedy allowed under the FLSA through "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employee[], in a suit brought by the employee[] under the FLSA, is a fair and reasonable resolution of a bona fide

1

dispute over FLSA provisions." *Id.* at 1355. For example, a court may approve a stipulated judgment that awards only backwages and does not provide for liquated damages when the judgment is "entered upon disputed issues of both law and fact." *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

Moreover, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Id.* Courts in the Eleventh Circuit generally use the "lodestar method" when analyzing the reasonableness of the plaintiff's attorneys' fees. *Silva v. Miller*, 547 F. Supp. 2d 1299, 1304-06 (S.D. Fla. 2008) *aff'd*, 307 F. App'x 349 (11th Cir. 2009). Under the lodestar method, the attorneys' fees are, by and large, a function of "the number of hours reasonably expended on a case multiplied by a reasonable hourly rate." *Id.* at 1305. However, some courts will approve a settlement without separately considering the reasonableness of the plaintiff's attorneys' fees if "the fees are agreed upon separately and without regard to the amount paid to the plaintiff, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney . . . ." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)

Here, the parties ask the Court to enter judgment approving their settlement agreement. Under the agreement, Plaintiff would receive his backwages in full and a liquated damages award equal to roughly twenty-five percent of backwages. This would compromise Plaintiff's rights under the FLSA do receive a liquated damages award equal to his backwages. Because there is a bona fide dispute over both whether Plaintiff was employed by Defendant and whether Plaintiff was exempt under the Motor Carrier Exemption of the FLSA, the Court finds that the settlement is a fair and reasonable resolution.

Regarding Plaintiff's attorneys' fees, the parties assert that they negotiated the fees and costs after Plaintiff accepted the settlement a sum for the alleged overtime violations and that thus the fees and costs did not compromise Plaintiff's recovery. There is, however, reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney. Simply put, it appears the fees might be a product of a contingency fee arrangement: of the ten thousand dollars offered by Defendant, exactly fifty percent is going to Plaintiff and the other fifty percent to fees and costs; and Plaintiff's attorney's fees ($4100.00) are roughly forty percent of the total settlement value. Nevertheless, the attorneys' fees are reasonable. Plaintiff's counsel avers that he spent 19.3 hours on this matter, which is reasonable given this action progressed beyond the motion to dismiss phase. And counsel is

charging $212.44 per hour, which also is reasonable.

Therefore, the parties' Joint Motion for Approval of Settlement Agreement [Doc. No. 27] is **GRANTED**.

**IT IS SO ORDERED**, this 31st day of July, 2012.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE
